**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| INMOTION IMAGERY TECHNOLOGIES, LLC, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:11-cv-414 |
| v. | § § | **JURY TRIAL DEMANDED** |
| BRAIN DAMAGE FILMS; MILLENNIUM ENTERTAINMENT, INC; AND MORE ENTERTAINMENT CORP. d/b/a MTI HOME VIDEO; GGW BRANDS LLC; PURE PLAY MEDIA DISTRIBUTION LLC; SCE GROUP INC. d/b/a SIN CITY ENTERTAINMENT; V.C.X. LTD., INC.; VENTURA CONTENT, LTD. d/b/a PINK VISUAL PRODUCTIONS; KICK ASS PICTURES, INCORPORATED; METRO MEDIA ENTERTAINMENT, LLC; GALAXY INTERNET GROUP & ASSOCIATES LLC d/b/a STICKY VIDEO; FILMCO PRODUCTIONS, INC.; and TOTALLY TASTELESS VIDEO, INC., | § § § § § § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff InMotion Imagery Technologies, LLC (hereinafter, "InMotion" or "Plaintiff") by and through its undersigned counsel, files this Original Complaint against Defendants Brain Damage Films; Millennium Entertainment, Inc.; And More Entertainment Corp. d/b/a MTI Home Video; GGW Brands LLC;  Pure Play Media Distribution LLC; SCE Group Inc. d/b/a Sin City Entertainment; V.C.X. Ltd.; Ventura Content, Ltd. d/b/a Pink Visual Productions; Kick Ass Pictures, Incorporated; Metro Media Entertainment, LLC; Galaxy Internet Group & Associates

LLC d/b/a Sticky Video; FilmCo Productions, Inc.; and, Totally Tasteless Video, Inc. (collectively, referred to as "Defendants"), as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 6,526,219 (hereinafter, the "'219 patent"), entitled "Picture-Based Video Indexing System." A copy of the '219 patent is attached hereto as Exhibit A. InMotion is the assignee of the '219 patent. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff InMotion is a limited liability company organized and existing under the laws of Texas with its principal place of business at 104 East Houston Street, Suite #175, Marshall, Texas 75670. InMotion is the assignee of all title and interest of the '219 patent. Plaintiff possesses the entire right to sue for infringement and recover past damages.

3. Upon information and belief, Defendant Brain Damage Films ("Brain Damage") is a business organized and existing under the laws of the State of Arizona, with its principal place of business located at 6929 N. Hayden Road, Suite C4-246 Scottsdale, Arizona 85250.

4. Defendant Millennium Entertainment, Inc. ("Millennium") is a business organized and existing under the laws of the State of Delaware, with its principal place of business located at 5900 Wilshire Blvd., Floor 18, Los Angeles, California 90036.

5. Upon information and belief, Defendant And More Entertainment Corp. d/b/a MTI Home Video ("MTI Home Video") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business located at 14216 SW 136 Street Miami, FL 33186.

6. Upon information and belief, Defendant GGW Brands LLC ("GGW") is a company organized and existing under the laws of the State of Delaware with its principal place of business located at 1601 Cloverfield Blvd., Suite 420 South, Santa Monica, CA 90404.

7. Upon information and belief, Defendant Pure Play Media Distribution LLC ("Pure Play Media") is a company organized and existing under the laws of the State of Delaware with its principal place of business located at 7731 Hayvenhurst Ave., Van Nuys, CA 91406.

8. Upon information and belief, Defendant SCE Group Inc. d/b/a Sin City Entertainment ("Sin City") is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 2520 Park Avenue, Bronx, New York 10451.

9. Upon information and belief, Defendant V.C.X. Ltd., Inc. ("VCX") is a corporation organized and existing under the laws of the State of Nevada with its principal place of business located at 3430 Precision Dr., North Las Vegas, NV 89032.

10. Upon information and belief, Defendant Ventura Content, Ltd. d/b/a Pink Visual Productions ("Pink Visual Productions") is a company organized and existing under the laws of the State of Arizona with its principal place of business located at 6614 E. Tanque Verde Rd., Tucson, AZ  85715.

11. Upon information and belief, Defendant Kick Ass Pictures, Incorporated ("Kick Ass Pictures") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 710 Ivy St., Glendale, CA 91204.

12. Upon information and belief, Defendant Metro Media Entertainment, LLC ("Metro Media Entertainment") is a company organized and existing under the laws of the State of California with its principal place of business located at 1 Metro Park Pl., Cranston, RI 02910.

13. Upon information and belief, Defendant Galaxy Internet Group & Associates LLC d/b/a Sticky Video ("Sticky Video") is a company organized and existing under the laws of the State of Ohio with its principal place of business located at 3700 Kelley Ave., Cleveland, OH 44114.

14. Upon information and belief, Defendant FilmCo Productions, Inc. ("FilmCo") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 9718 Glenoaks Blvd., Sun Valley, CA 91352.

15. Upon information and belief, Defendant Totally Tasteless Video, Inc. ("Totally Tasteless") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 9718 Glenoaks Blvd., Suite T, Sun Valley, CA 91352.

## JURISDICTION AND VENUE

16. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

17. The Court has personal jurisdiction over each Defendant because each Defendant has minimum contacts within the State of Texas, and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and, Plaintiff's cause of action arises directly

from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

18. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises its products and/or services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

19. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

20. United States Patent No. 6,526,219, entitled "Picture-Based Video Indexing System," was duly and legally issued by the United States Patent and Trademark Office on February 25, 2003 after full and fair examination. Plaintiff is the assignee of all rights, title, and interest in and to the '219 patent and possesses all rights of recovery under the '219 patent including the right to sue for infringement and recover past damages.

21. Upon information and belief, Brain Damage has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States,

5

videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

22. Upon information and belief, Brain Damage has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

23. Upon information and belief, Millennium has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

24. Upon information and belief, Millennium has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

25. Upon information and belief, MTI Home Video has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

26. Upon information and belief, MTI Home Video has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

27. Upon information and belief, GGW has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly

or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

28. Upon information and belief, GGW has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

29. Upon information and belief, Pure Play Media has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

30. Upon information and belief, Pure Play Media has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

31. Upon information and belief, Sin City has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

32. Upon information and belief, Sin City has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

33. Upon information and belief, VCX has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

34. Upon information and belief, VCX has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

35. Upon information and belief, Pink Visual Productions has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

36. Upon information and belief, Pink Visual Productions has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

37. Upon information and belief, Kick Ass Pictures has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

38. Upon information and belief, Kick Ass Pictures has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

39. Upon information and belief, Metro Media Entertainment has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

40. Upon information and belief, Metro Media Entertainment has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

41. Upon information and belief, Sticky Video has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

42. Upon information and belief, Sticky Video has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

43. Upon information and belief, FilmCo has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos

indexed with images that are displayed in windows wherein at least one window displays motion imagery.

44. Upon information and belief, FilmCo has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

45. Upon information and belief, Totally Tasteless has infringed and continues to infringe one or more claims of the '219 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, videos indexed with images that are displayed in windows wherein at least one window displays motion imagery.

46. Upon information and belief, Totally Tasteless has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

47. Each Defendant's aforesaid activities have been without authority and/or license from Plaintiffs.

48. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 3 U.S.C. § 284.

49. Defendants' infringement of Plaintiff's exclusive rights under the '219 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

50.     Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

51.     Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

- A.   An adjudication that one or more claims of the '219 patent has been infringed, either literally and/or under the doctrine of equivalents, by one or more Defendants and/or by others to whose infringement Defendants have contributed and/or by others whose infringement has been induced by Defendants;

- B.   An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest;

- C.   A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '219 patent;

- D.   That this Court declare this to be an exceptional case and award Plaintiff reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

- E.   Any further relief that this Court deem just and proper.

Dated:  September 15, 2011

Respectfully submitted,

By:  /s/ William E. Davis, III
William E. Davis, III
Texas State Bar No. 24047416
**THE DAVIS FIRM P.C.**
111 West Tyler Street
Longview, Texas 75601
Telephone: (903) 230-9090
Facsimile: (903) 230-9661
Email: bdavis@bdavisfirm.com

Of Counsel:

Douglas L. Bridges
Georgia State Bar No. 080889
Jacqueline K. Burt
Georgia State Bar No. 425322
**HENINGER GARRISON DAVIS, LLC**
1 Glenlake Parkway, Suite 700
Atlanta, Georgia 30328
Telephone: (678) 638-6308
Facsimile: (678) 638-6142
Email:  dbridges@hgdlawfirm.com
Email:  jburt@hgdlawfirm.com