UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **INMOTION IMAGERY TECHNOLOGIES** *Plaintiff,* § § § § § § § § | CAUSE NO. 2:11-CV-414-JRG |
| **V.** | |
| **BRAIN DAMAGE FILMS,** *et al.,* *Defendants.* | |

## MEMORANDUM OPINION & ORDER

### I.  INTRODUCTION

Before the Court is Defendant Galaxy Internet Group, LLC's ("Galaxy") Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. No. 8). After carefully considering the parties' written submissions, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** the Motion.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

On September 15, 2011, InMotion Imagery Technologies ("InMotion") filed this lawsuit accusing thirteen defendants of infringing U.S. Patent No. 6,526,219 entitled "Picture-Based Video Indexing System" ("the '219 patent"). The infringement allegations against each Defendant are substantially identical. Representative of such (and with regard to Galaxy specifically), the Complaint asserts:

> 41. Upon information and belief, Galaxy has infringed and continues to infringe one or more claims of the '291 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video indexes with images that are displayed in windows wherein at least one window displayed motion imagery.
>
> 42. Upon information and belief, Galaxy has also contributed to the infringement of one or more claims of the '219 patent and/or actively induced others to infringe one or more claims of the '219 patent, in this district and elsewhere in the United States.

(Dkt. No. 1.) In the present Motion Galaxy moves to dismiss the Complaint's direct, indirect and willful infringement claims under Fed. R. Civ. P. 12(b)(6). (Dkt. No. 8.)

### III. LEGAL STANDARDS

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). A "patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Whether a complaint adequately pleads direct infringement is to be measured by the specificity required by Form 18. *In re Bill of Lading Transmission and Processing System Patent Litigation*, 681 F.3d 1323, 1331 (Fed. Cir. 2012); Fed. R. Civ. P. 84 ("The forms in the

Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate"). The Federal Circuit recently reiterated that Form 18 has five requirements:

> (1) an allegation of jurisdiction
> (2) a statement that plaintiff owns the patent
> (3) a statement that defendant has been infringing the patent by "making, selling, and using [the device] embodying the patent"
> (4) a statement that the plaintiff has given notice of its infringement; and
> (5) a demand for damages

*Bill of Lading*, 681 F.3d at 1334 (citing *McZeal*, 501 F.3d at 1356-57); *see also Patent Harbor LLC v. Dreamworks Animation SKG, Inc.*, 6:11-cv-229 (E.D. Tex. July 27, 2012). To the "extent that *Twombly* and its progeny conflict with Form 18 and suggest different pleading requirements, 'the Forms' control." *Patent Harbor,* 6:11-cv-229 at 6 (citing *In re Bill of Lading*, 361 F.3d at 1331). Form 18 does not apply, however, to indirect infringement claims. *Bill of Lading,* 361 F.3d at 1331. Rather, such claims must be judged by the pleading standards of *Twombly and Iqbal*. *Id*. ("[B]ecause Form 18 addresses only direct infringement, we must look to Supreme Court precedent for guidance regarding the pleading requirements for claims of direct infringement").

## IV.   ANALYSIS

### 1. Direct Infringement

Galaxy argues that the Complaint fails to sufficiently plead direct infringement because it does not specifically identify any particular products as infringing the '219 patent. (Dkt. No. 8, at 6.) According to Galaxy, the Complaint's reference to "videos indexed with images that are displayed in windows wherein at least one window displays motion imagery" does not specify a particular product because Galaxy "cannot identify the accused products without first determining how InMotion is construing the '219 patent and whether any of their video products may meet this construction." (Dkt. No. 8. at 6.) Galaxy responds that the level of detail

provided in the Complaint is more than sufficient to satisfy the requirement of Form 18. As the recent Federal Circuit decision in *Bill of Lading* established, the requirements of Form 18, not *Iqbal* and *Twombly*, control whether a Complaint sufficiently pleads an allegation of direct infringement. Form 18's sample complaint for patent infringement recites:

> The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.

Fed. R. Civ. P. Form 18 (2007). Here, the Complaint's description of "videos indexed with images" is analogous to the "electric motors" example provided by Form 18 and is therefore sufficient. Accordingly, Galaxy's Motion to Dismiss the Complaint's direct infringement claims is **DENIED**.

    2. *Indirect Infringement*

Galaxy also contends that the Complaint fails to plead sufficient facts to support a claim for either inducement or contributory infringement. (Dkt. No. 8.) Specifically, Galaxy contends that "there is no charge that Movants sold a non-staple 'component' of a patented machine, that Movants had the requisite knowledge required for contributory infringement liability, or that Movants possessed specific intent to induce infringement." *Id.* Galaxy also argues that the Complaint "fails to allege any facts showing direct infringement by a third party, which is a necessary element of both indirect infringement claims." *Id*.

    i.    <u>Inducement</u>

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances v. SEB S.A.* 131 S. Ct. 2060, 2068 (2011); *In re Bill of Lading*, 681 F.3d at 1339. To survive a motion to dismiss, a "Complaint must contain sufficient

4

facts plausibly showing that Defendants specifically intended a third party to infringe the [] patent and knew the third party's acts constituted infringement." *Patent Harbor*, 6:11-cv-229 at 8. However, this requirement does not mean that the Plaintiff "must prove itself at the pleading stage." *Id*. Failing to allege pre-suit knowledge of the patent "is not a basis to dismiss [Plaintiff's] indirect infringement claims; as it cannot be disputed that [Plaintiff] *does* sufficiently plead that the Moving Defendants had knowledge of the asserted patent for at least some time during the infringing period." *Lochner Technologies*, 2012 WL 2595288 at *3; *see also Bill of Lading*, 361 F.3d at 1345-46.  In this case, there can be no dispute that Galaxy has actual notice of the '219 patent at least as of the time of the filing of this lawsuit.  While the Complaint does not explicitly plead facts to show that Galaxy had a specific intent to induce infringement, it is not necessary to provide detailed factual support for each and every element of inducement. *Patent Harbor*; 6:11-cv-229 at 8; *Bill of Lading*, 681 F.3d at 1336.  In this case, the Court concludes that InMotion's inducement allegations are sufficient to support an inference that Galaxy is inducing others to infringe its video indexing technology.  Accordingly, Galaxy's Motion to Dismiss the Complaint's inducement claim is **DENIED**.

    ii.   Contributory Infringement

"Contributory infringement occurs if a party sells or otherwise offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party to be 'especially made or especially adapted for use in an infringement of such patent." *Patent Harbor*, 6:11-cv-229 (quoting *Bill of Lading*, 681 F.3d at 1337).  To state a claim for contributory infringement, Galaxy must at least (1) identify the "material or apparatus for use in practicing

5

[the] patented process" that is sold or offered for sale by Defendants and (2) plead facts that allow an inference that [these] components … have no substantial non-infringing uses." *Id.*

In this case, the Complaint does not identify the components used in the infringing method, nor does it allege any facts adequate for the Court to find an inference that such components have no substantial non-infringing uses. Therefore, Galaxy's Motion to Dismiss the Complaint's contributory infringement claim is **GRANTED**.

   3. *Willful Infringement*

Galaxy also asks the Court to dismiss the Complaint's willful infringement claims. To establish a claim for willful infringement, a plaintiff must demonstrate infringement as well as the following additional elements: (1) that there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent, and (2) either that the defendant subjectively knew of the risk of infringement or that the risk of infringement was so obvious, the defendant should have known of the risk. *See In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007); *see also Bard Peripheral Vascular, Inc. v. W.L. Gore & Assoc., Inc.*, 682 F.3d 1003 (Fed. Cir. 2012). At the pleading stage, the Plaintiff must establish a good faith basis for alleging willful infringement. *Seagate*, 497 F.3d 1374.

The Complaint does not allege any particular facts that would demonstrate InMotion's good faith basis for alleging willful infringement. Therefore, Galaxy's Motion to Dismiss the Complaint's willful infringement claim is **GRANTED**. Should factual support for InMotion's willful infringement claims be uncovered during the course of discovery, InMotion is entitled to move the Court for leave to supplement in its Complaint in this regard, at that time.

## V. CONCLUSION

For the reasons discussed above, Galaxy's Motion to dismiss is **GRANTED-IN-PART** and **DENIED-IN-PART**. Additionally, the Court **GRANTS** InMotion leave to amend its Complaint within fourteen days of the date of this Order to comply with Rule 8 as described herein.

**So ORDERED and SIGNED this 10th day of August, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE